**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 26-62847-CIV-DAMIAN**

**JOONNY ODEUS,**

Petitioner,

v.

**U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT AND REMOVAL OPERATIONS, FIELD OFFICE DIRECTOR,** *et al.*,

Respondents.

______________________________________/

**ORDER DISMISSING PETITION WITHOUT PREJUDICE**

**THIS CAUSE** is before this Court on Petitioner, Joonny Odeus's ("Petitioner"), Petition for Writ of *Habeas Corpus* pursuant to 28 U.S.C. § 2241, filed October 9, 2026. [ECF No. 1 ("Petition")]. On October 16, 2026, this Court entered an Order to Show Cause. [ECF No. 5 ("Order to Show Cause")]. Respondents filed a Response to Order to Show Cause on October 21, 2026.[1] [ECF No. 6 ("Response")]. Petitioner did not file a reply.

THE COURT has reviewed the Petition, the Response, the relevant legal authorities, and the pertinent portions of the record and is otherwise fully advised. For the reasons that follow, the Petition is due to be dismissed without prejudice for failure to exhaust administrative remedies.

---

[1] The Response was due October 20, 2026. [ECF No. 5]. Respondents' counsel explains that she miscalendared the deadline and asks this Court to accept the Response as timely. Resp. at 1 n.1. Petitioner has not objected, and the one-day delay caused no prejudice, so this Court accepts the Response. *See* Fed. R. Civ. P. 6(b)(1)(B). The Response's reference to Petitioner as "Roger Geovani Medina," Resp. at 1, is a scrivener's error.

## I. BACKGROUND

Petitioner's background and immigration history are set forth in detail in the parties' submissions and recounted here as relevant to the issues before this Court. Petitioner is a native and citizen of Haiti who alleges that he entered the United States without inspection on April 20, 2023, and has since lived in Sunrise, Florida. Pet. ¶¶ 2, 6, 25; [ECF No. 1-7]. He has a pending asylum application and employment authorization valid through October 31, 2029. [ECF No. 1-3 at 1]; [ECF No. 1-6]. On October 7, 2026, U.S. Immigration and Customs Enforcement ("ICE") took Petitioner into custody, and the Department of Homeland Security served him with a Notice to Appear ("NTA") placing him in removal proceedings under section 240 of the Immigration and Nationality Act. Pet. ¶¶ 7, 29; [ECF No. 6-1 at 1, 3]. The NTA does not designate Petitioner as an arriving alien but instead charges him as "an alien present in the United States who has not been admitted or paroled." [ECF No. 6-1 at 1]. The NTA directed him to appear before an Immigration Judge in Pompano Beach, Florida, on November 9, 2026. *Id.* Petitioner is detained at the Broward Transitional Center. [ECF No. 1-7]; Pet. ¶ 30. The record before this Court reflects that he has not asked an Immigration Judge to redetermine his custody. *See* Pet. ¶¶ 31, 53, 68; Resp. at 1, 3.

Petitioner argues that, under *Hernandez Alvarez v. Warden, Federal Detention Center Miami*, 175 F.4th 1258 (11th Cir. 2026), his detention is governed by 8 U.S.C. § 1226(a), not § 1225(b)(2)(A), because he entered without inspection and was apprehended in the interior. Pet. ¶¶ 13–14, 36–51. He argues that Respondents must identify the statutory basis for his detention and, in Count I, he asserts that detaining him without doing so and without an individualized custody determination violates the Fifth Amendment's Due Process Clause. *Id.* ¶¶ 42–47, 63–70. He also argues that exhaustion should be excused. *Id.* ¶¶ 56–62. He asks

this Court to order Respondents to identify the authority for his detention, to declare that § 1225(b)(2)(A) does not apply, to order a bond hearing under § 1226(a) or his release, and to bar his transfer outside this District while the Petition is pending. Pet. at 15–16.

Respondents argue that the Petition should be dismissed because Petitioner has not requested a custody redetermination from an Immigration Judge and that doing so would not be futile because Immigration Judges and the Board of Immigration Appeals ("BIA") are bound by *Hernandez Alvarez*. Resp. at 1–5. They also argue that exhaustion requires raising the same arguments before the Immigration Judge and the BIA, that the agency may consider constitutional challenges, and that only Petitioner's immediate custodian is a proper respondent. *Id.* at 1 n.2, 3, 4 n.3. Respondents do not contend that Petitioner is subject to mandatory detention under any provision. *See generally* Resp.

## II. LEGAL STANDARD

District courts have the authority to grant writs of *habeas corpus*. *See* 28 U.S.C. § 2241(a). *Habeas corpus* is fundamentally "a remedy for unlawful executive detention." *Munaf v. Geren*, 553 U.S. 674, 693 (2008) (citation omitted). A writ may be issued to a petitioner who demonstrates that he is being held in custody in violation of the Constitution or federal law. *See* 28 U.S.C. § 2241(c)(3). This Court's jurisdiction extends to challenges involving immigration-related detention. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001).

## III. DISCUSSION

The question presently before this Court is whether Petitioner must ask an Immigration Judge to redetermine his custody before seeking habeas relief, or whether exhaustion should be excused.

A petitioner must exhaust available administrative remedies before filing a § 2241 petition. *See Santiago-Lugo v. Warden*, 785 F.3d 467, 475 (11th Cir. 2015). Exhaustion is not jurisdictional, but that "does not mean that courts may disregard a failure to exhaust and grant relief on the merits if the respondent properly asserts the defense." *Id.* at 474–75. Exhaustion may be excused where the administrative remedy "will not provide relief commensurate with the claim," *Boz v. United States*, 248 F.3d 1299, 1300 (11th Cir. 2001) (quotation omitted), or where resort to it would be futile or unduly prejudicial, *see McCarthy v. Madigan*, 503 U.S. 140, 146–49 (1992). A constitutional label does not avoid exhaustion "where the claim is within the purview of the BIA which can provide a remedy." *Sundar v. INS*, 328 F.3d 1320, 1325 (11th Cir. 2003). Immigration Judges are bound by Eleventh Circuit precedent. *Stevens v. Osuna*, 877 F.3d 1293, 1303 (11th Cir. 2017).

Respondents have properly asserted exhaustion and identified the available remedy: a request for custody redetermination before an Immigration Judge, with review by the BIA. Resp. at 1, 3–5; *see* 8 C.F.R. §§ 1003.1(b)(7), 1003.19(a), (f), 1236.1(d)(1), (3). Petitioner does not dispute that he has not made that request but, instead, he filed this action two days after he was detained. *See* Pet. ¶¶ 7, 29, 56–62. Whether that remedy is available depends on the statute under which Petitioner is held. An Immigration Judge may redetermine the custody of a noncitizen detained under § 1226(a) but not of one subject to mandatory detention, such as an arriving alien. *See* 8 C.F.R. §§ 1003.19(h)(2)(i), 1236.1(d)(1).

On the record before this Court, the remedy is available. *Hernandez Alvarez* held that "§ 1225 applies to arriving aliens seeking entry at the border, whereas § 1226 applies to aliens unlawfully in the interior," 175 F.4th at 1276, and the Immigration Judge must apply that holding, *see Stevens*, 877 F.3d at 1303. The NTA charges Petitioner as present without

admission rather than as an arriving alien, [ECF No. 6-1 at 1], and Respondents assert no mandatory-detention ground. *See generally* Resp. Respondents concede that *Hernandez Alvarez* "is currently binding precedent upon the immigration courts and BIA," and that, "[a]s a result, seeking administrative remedies, including requesting a bond hearing from an Immigration Judge and pursuing appeal to the BIA, would not be futile here." Resp. at 3-4 (footnote omitted). This Court agrees with Respondents and therefore finds that Petitioner's detention is governed by § 1226 such that Petitioner falls within the class of detainees whose custody an Immigration Judge may review.

It is no longer apparent, without more, that seeking a custody redetermination would be futile. Because Respondents have properly asserted exhaustion, the agency can provide the custody review Petitioner seeks, but Petitioner has not pursued it. Therefore, the Petition is due to be dismissed without prejudice.

## IV. CONCLUSION

Accordingly, based on the foregoing, it is hereby

**ORDERED AND ADJUDGED** as follows:

1. The Petition for Writ of *Habeas Corpus* [**ECF No. 1**] is **DISMISSED WITHOUT PREJUDICE**.

2. Any pending motions are **DENIED AS MOOT**.

3. The Clerk of Court is **DIRECTED** to **CLOSE** this case.

**DONE AND ORDERED** in Chambers in the Southern District of Florida, this 24th day of November, 2026.

**MELISSA DAMIAN**
**UNITED STATES DISTRICT JUDGE**

cc: counsel of record